CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CARLOS CARDOSO, *individually and on*
*behalf of others similarly situated,*

                                   *Plaintiff,*

                    -against-

BIGG MEALS INC  (D/B/A BIGG BELLY)
and MATHEW SHAJI,

                                   *Defendants.*
-------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Carlos Cardoso ("Plaintiff Cardoso" or "Mr. Cardoso"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against BIGG MEALS INC (d/b/a Bigg Belly), ("Defendant Corporation") and Mathew Shaji, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Cardoso is a former employee of Defendants BIGG MEALS INC (d/b/a Bigg Belly) and Mathew Shaji.

2.       Defendants own, operate, or control a fast food restaurant, located at 60 Route 303, Valley Cottage, NY, 10989, under the name "Bigg Belly".

3.      Upon information and belief, individual Defendant Mathew Shaji, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Cardoso was employed as a cook and food preparer at the restaurant located at 60 Route 303, Valley Cottage, NY, 10989.

5.      At all times relevant to this Complaint, Plaintiff Cardoso worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Cardoso appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Cardoso the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Cardoso to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cardoso and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.      Plaintiff Cardoso now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Cardoso seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cardoso's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a fast food restaurant located in this district. Further, Plaintiff Cardoso was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Carlos Cardoso ("Plaintiff Cardoso" or "Mr. Cardoso") is an adult individual residing in Rockland County, New York.

15.     Plaintiff Cardoso was employed by Defendants at Bigg Belly from approximately December 2022 until on or about September 7, 2024.

16.     Plaintiff Cardoso consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all relevant times, Defendants own, operate, or control a fast food restaurant, located at 60 Route 303, Valley Cottage, NY, 10989, under the name "Bigg Belly".

18.    Upon information and belief, BIGG MEALS INC (d/b/a Bigg Belly) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 60 Route 303, Valley Cottage, NY, 10989.

19.    Defendant Mathew Shaji is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mathew Shaji is sued individually in his capacity as a manager of Defendant Corporation. Defendant Mathew Shaji possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cardoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.    Defendants operate a fast food restaurant located in in Valley Cottage in New York.

21.    Individual Defendant, Mathew Shaji, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, or controls significant functions of Defendant Corporation.

22.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.    Each Defendant possessed substantial control over Plaintiff Cardoso's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Cardoso, and all similarly situated individuals, referred to herein.

24.    Defendants jointly employed Plaintiff Cardoso (and all similarly situated employees) and are Plaintiff Cardoso's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25.    In the alternative, Defendants constitute a single employer of Plaintiff Cardoso and/or similarly situated individuals.

26.    Upon information and belief, Individual Defendant, Mathew Shaji, operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

27.   At all relevant times, Defendants were Plaintiff Cardoso's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cardoso, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cardoso's services.

28.   In each year from 2022 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.   Plaintiff Cardoso is a former employee of Defendants who was employed as a cook and food preparer.

31.   Plaintiff Cardoso seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Carlos Cardoso*

32.   Plaintiff Cardoso was employed by Defendants from approximately December 2022 until on or about September 7, 2024.

33.   Defendants employed Plaintiff Cardoso as a cook and food preparer.

34.   Plaintiff Cardoso regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Cardoso's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Cardoso regularly worked in excess of 40 hours per week.

37. From approximately December 2022 until on or about May 2024, Plaintiff Cardoso worked from approximately 10:30 a.m. until on or about 7:00 p.m., 4 days a week and from approximately 10:30 a.m. until on or about 10:30 p.m., 2 days a week (typically 58 hours per week).

38. From approximately May 2024 until on or about September 7, 2024, Plaintiff Cardoso worked from approximately 7:30 a.m. until on or about 4 p.m., 6 days a week (typically 51 hours per week).

39. From approximately December 2022 to February 25, 2024, Defendants paid Plaintiff Cardoso his wages in cash.

40. From approximately February 26, 2024, until August 22, 2024, Defendants paid Plaintiff Cardoso his wages by Zelle.

41. From approximately August 23, 2024, to September 7, 2024, Defendants paid Plaintiff Cardoso his wages in a combination of Zelle and through the Square Team app.

42. From approximately December 2022 until on or about June 2024, Defendants paid Plaintiff Cardoso $1,080.00 per week, at the supposed rate of 20.00 per hour.

43. From approximately June 2024 until on or about September 7, 2024, Defendants paid Plaintiff Cardoso $1,071.00 per week, at the supposed rate of $21.00 per hour.

44. Plaintiff Cardoso's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45.     For example, Defendants required Plaintiff Cardoso to work an additional 20 to 30 minutes past his scheduled departure time two to three days a week, and did not pay him for the additional time he worked.

46.     Defendants never granted Plaintiff Cardoso any breaks or meal periods of any kind.

47.     Plaintiff Cardoso was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48.     On a number of occasions, Defendants required Plaintiff Cardoso to sign a document, the contents of which he was not allowed to review in detail.

49.     In addition, in order to get paid, Plaintiff Cardoso was required to sign a document in which Defendants misrepresented the hours that he worked per week.

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cardoso regarding overtime and wages under the FLSA and NYLL.

51.     Defendants did not provide Plaintiff Cardoso an accurate statement of wages, as required by NYLL 195(3).

52.     In fact, Defendants adjusted Plaintiff Cardoso's paystubs so that they reflected inaccurate wages and hours worked.

53.     Defendants did not give any notice to Plaintiff Cardoso, in English and in Spanish (Plaintiff Cardoso's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     As a result of Defendants' failure to provide Plaintiff Cardoso with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for

himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

55.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cardoso (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

56.    Plaintiff Cardoso was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57.    Defendants habitually required Plaintiff Cardoso to work additional time beyond his regular shifts but did not provide him with any additional compensation.

58.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Cardoso worked.

59.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60.    On a number of occasions, Defendants required Plaintiff Cardoso to sign a document the contents of which he was not allowed to review in detail. Defendants required Plaintiff Cardoso to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiff Cardoso his wages in cash, Zelle, and a combination of Zelle and through the Square Team app.

61.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cardoso (and similarly situated individuals) worked, and to avoid paying Plaintiff Cardoso properly for his full hours worked.

63.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cardoso and other similarly situated former workers.

65.     Defendants failed to provide Plaintiff Cardoso and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Cardoso and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

67. As a result of Defendants' failure to provide Plaintiff and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

68. Plaintiff Cardoso brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69. At all relevant times, Plaintiff Cardoso and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

70. The claims of Plaintiff Cardoso stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71. Plaintiff Cardoso repeats and realleges all paragraphs above as though fully set forth herein.

72.    At all times relevant to this action, Defendants were Plaintiff Cardoso's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cardoso (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

73.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

75.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cardoso (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.    Defendants' failure to pay Plaintiff Cardoso (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77.    Plaintiff Cardoso (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

78.    Plaintiff Cardoso repeats and realleges all paragraphs above as though fully set forth herein.

79.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cardoso overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.     Defendants' failure to pay Plaintiff Cardoso overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Cardoso was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

82.     Plaintiff Cardoso repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants failed to pay Plaintiff Cardoso one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cardoso's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

84.     Defendants' failure to pay Plaintiff Cardoso an additional hour's pay for each day Plaintiff Cardoso's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

85.     Plaintiff Cardoso was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

86.     Plaintiff Cardoso repeats and realleges all paragraphs above as though fully set forth herein.

- 13 -

87.     Defendants failed to provide Plaintiff Cardoso with a written notice, in English and in Spanish (Plaintiff Cardoso's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.     As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL §195.

89.     Defendants are liable to Plaintiff Cardoso in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

90.     Plaintiff Cardoso repeats and realleges all paragraphs above as though fully set forth herein.

91.     With each payment of wages, Defendants failed to provide Plaintiff Cardoso with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92.     As a result of Defendants' failure to furnish accurate statements to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

93.     Defendants are liable to Plaintiff Cardoso in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cardoso respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cardoso and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cardoso's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cardoso and the FLSA Class members;

(e)     Awarding Plaintiff Cardoso and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Cardoso and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cardoso;

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Cardoso;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cardoso's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Cardoso;

(k)     Awarding Plaintiff Cardoso damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)     Awarding Plaintiff Cardoso damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Cardoso liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to

- 16 -

be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiff Cardoso and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiff Cardoso and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cardoso demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 11, 2025

CSM LEGAL, P.C

By:    _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                     Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
_____

catalina@csmlegal.com


February 7, 2025

BY HAND


TO:     Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**


Name / Nombre:                  Carlos Cardoso

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                       February 7, 2025


*Certified as a minority-owned business in the State of New York*